UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

JOSEPH TAYLOR, )
 )
       Plaintiff, )
  v. ) 1:10-cv-1579-TWP-TAB
 )
EDWIN BUSS, et al., )
 )
       Defendants. )

## Entry Discussing Motion to Remand

For the reasons explained in this Entry, the plaintiff's motion to remand must be **denied.**

### Background

This civil rights action was removed from the Madison Circuit Court. The operative pleading setting forth the plaintiff's claims is the amended complaint (dkt 12).

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Plaintiff Taylor, an inmate at the Pendleton Correctional Facility, seeks to have the action remanded to the state court based on his willingness to amend the complaint to delete any claim asserted involving a federal question. In the particular context of the case, this means that the plaintiff is seeking to abandon any claim asserted pursuant to 42 U.S.C. § 1983 in order to proceed solely on the asserted claims under Indiana law. Taylor also supplies two additional thoughts–the first is that the Madison Circuit Court was fully authorized to exercise jurisdiction over the claims asserted in the complaint, and the second is that he is only willing to continue in federal court if competent counsel is recruited to represent him.

### Discussion

There is no doubt that Taylor's claims that the conditions of his confinement and/or his treatment at the Pendleton Correctional Facility can be brought pursuant to 42 U.S.C. § 1983 and that this court would have subject matter jurisdiction over such claims pursuant to 28 U.S.C. § 1331.

Having found that the action was removed to this court because the action could have been filed here, Taylor's grounds on which to seek remand are considered.

- Taylor's principal argument is his proposal that the federal claims be dropped from the amended complaint. Because an amended complaint has already been filed, further amendments to the complaint may be filed only as provided for by Rule 15.1

of the *Federal Rules of Civil Procedure*. Thus, Taylor's discussion of a different complaint–a complaint without federal claims–is only based on his speculation. Apart from this, moreover, Taylor is mistaken in apparently believing that withdrawing his federal claims would justify or compel remand of the case to the state court. To the contrary, it is well established that post-removal events will not divest the court of jurisdiction. *Pratt Cent. Pk. Ltd. v. Dames & Moore, Inc.,* 60 F.3d 350, 351 (7th Cir. 1995)*; Hammond v. Terminal R.R. Ass'n*, 848 F.2d 95, 97 (7th Cir. 1988) ("removal is not defeated by the fact that, after the case is removed, the plaintiff files a new complaint, deleting the federal claim . . . . ").

- Taylor also seeks remand based on the jurisdictional competence of the Madison Circuit Court to adjudicate both the federal and the state law claims asserted in the complaint and amended complaint. Again, Taylor has drawn an incorrect conclusion from an undisputed fact. "Any civil action may be removed to federal district court so long as original jurisdiction would lie in the court to which the case is removed." *Matheson v. Progressive Speciality Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003). Thus, the concurrent jurisdiction over the federal claims in the Madison Circuit Court does not support the conclusion that the case could not have been properly removed to federal court.

The grounds on which Taylor seeks to have the action remanded are therefore invalid. Taylor offers a third point in his motion to remand, this being that he would accede to the removal if the court recruits representation for him here. However, Congress did not see fit to make removal subject to such a contingency and this court cannot impose it.

## Conclusion

The plaintiff's motion to remand (dkt 16) is **denied.** The scheduling order of December 10, 2010, **remains in effect.**

**IT IS SO ORDERED.**

Date: 01/04/2011

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Joseph Taylor
No. 905002
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064

Akia Haynes
Indiana Office of the Attorney General
akia.haynes@atg.in.gov

Erica Sue Sullivan
Indiana Attorney General
erica.sullivan@atg.in.gov