## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| JOSEPH TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 1:10-cv-1579-TWP-TAB |
| | ) | |
| EDWIN BUSS and ALAN FINNAN, | ) | |
| | ) | |
| Defendants. | ) | |

### ENTRY ON DEFENDANTS MOTION FOR SUMMARY JUDGMENT

In this action, Plaintiff Joseph Taylor ("Taylor") challenges the prison policy that allows prison officials to review his legal and privileged correspondence. The Defendants filed a Motion for Summary Judgment (Dkt. No. 45) arguing that Taylor failed to exhaust his available administrative remedies.[1]

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248).

The substantive law applicable to the Defendant's motion for summary judgment is this: The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement

---

[1] The plaintiff's motion to stay a ruling on the defendants' motion for summary judgment [dkt.65] is **denied**. The plaintiff has already responded to the motion for summary judgment and the court has sent him a copy of the *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) opinion as requested.

applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter,* 534 U.S. at 532 (citation omitted). The Seventh Circuit takes "a strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'")(quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

At all times relevant to the complaint, Taylor was incarcerated within the Indiana Department of Correction ("DOC") at the Pendleton Correctional Facility ("PCF"). Defendant Alan Finnan ("Finnan") was the Superintendent of the Pendleton Correctional Facility. As Superintendent of the Pendleton Correctional Facility, Finnan was responsible for the policies and procedures governing the Pendleton Correctional Facility. Wayne Scaife ("Scaife") is a Grievance Specialist at PCF. Scaife has been responsible for supervising the grievance process at PCF since November 18, 2009.

The DOC Offender Grievance Process consists of three steps that must be completed by the offender for the administrative process to be exhausted successfully: informal grievance, formal grievance, and appeal. The informal grievance process requires the offender to communicate with the staff member who has the responsibility for the matter which the offender

wishes to grieve. The formal grievance process begins when an offender submits a grievance form. Lastly, if a formal grievance has been accepted and reviewed by the DOC, and has not been resolved in a manner that satisfies the offender, the offender can submit an appeal to the Department Offender Grievance Manager for the DOC.

Taylor twice attempted to formally grieve the issue he raises in his complaint. Both of these attempts were rejected for failure to informally grieve. On September 27, 2010, Taylor submitted his first formal grievance. PCF Grievance Specialist Scaife filed a Return of Grievance stating that the grievance was rejected because Taylor had failed to informally grieve. The Return further indicated that if Taylor was grieving an OP ("Operational Procedure"), the proper manner in which to informally grieve was to contact the facility head, Finnan. Taylor submitted a second formal grievance on October 25, 2010. This grievance indicated that he had attempted to informally resolve his issue with Officer J. Stevens. On October 29, 2010, Scaife filed a Return of Grievance, rejecting the grievance because, while Taylor had indicated that he had tried to informally grieve with Officer J. Stevens, he did not indicate that he had attempted to informally grieve with the facility head as directed in the first Return of Grievance.

It is undisputed here that Taylor never attempted to informally resolve his concerns with Finnan. Taylor argues that he was not required to do so because the policy governing the review of inmate mail is an "Administrative Procedure" not an "Operational Procedure." But the defendants have produced evidence that the procedure was titled an "Operational Procedure," so the procedure was referred to as an Operational Procedure at least in some circumstances. In addition, the first return of grievance stated that if Taylor was challenging an OP, he should contact the facility head. This alone should have been enough to indicate to Taylor that to begin the grievance process properly, he would have to contact Finnan. It is undisputed that Taylor did

not do so.[2] Because Taylor did not properly attempt to informally grieve his complaints regarding the handling of his mail, he has failed to exhaust all the administrative remedies that were available to him.

The consequence of Taylor's failure to exhaust his administrative remedies is that this action is premature and should not have been brought and must now be dismissed **without prejudice**. *See Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004)("We therefore hold that all dismissals under § 1997e(a) should be without prejudice."). The Defendants' Motion for Summary Judgment [dkt. 45] is **GRANTED,** and judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  09/20/2011

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Erica Sue Sullivan
INDIANA ATTORNEY GENERAL
erica.sullivan@atg.in.gov

Joseph Taylor
DOC #905002
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN 46064

---

[2] In his affidavit in support of his surreply, Taylor states broadly that he has submitted grievances, disciplinary appeals, and letters to Finnan and received no response. Because it was filed with an unauthorized surreply and does not state whether Taylor brought this specific issue to Finnan, this evidence unfortunately,  is too little, too late.